```
UNITED STATES DISTRICT COURT FOR THE
   WESTERN DISTRICT OF NORTH CAROLINA
          STATESVILLE DIVISION
              5:08CV146-V-1
             (5:03CR51-2-V)
```

| | |
|---|---|
| **RICO ANTWAN FAIR,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 1), filed December 4, 2008.

A review of the subject Motion to Vacate, along with certain pertinent Court records, reflects that on November 18, 2003, Petitioner was indicted for conspiracy to possess with intent to distribute cocaine base and of possession with intent to distribute cocaine base. On March 14, 2005, Petitioner entered a "straight-up" guilty plea at his Rule 11 hearing. On July 10, 2006, the Court sentenced Petitioner to 120 months imprisonment on each count to run concurrently. Judgment was filed on August 8, 2006. Approximately ten months later, on June 22, 2007, Petitioner filed a Notice of Appeal. On August 1, 2007, the United States Court of Appeals for the Fourth Circuit issued a

jurisdictional notice stating that it appeared that his appeal was untimely. On September 7, 2007, the Fourth Circuit dismissed the appeal as untimely. United States v. Fair, No. 07-4626 (4th Cir. Sept. 7, 2007). The mandate issued on October 3, 2007.

On December 4, 2008, Petitioner filed the instant Motion to Vacate alleging that he received ineffective assistance of counsel. After conducting an initial review of Petitioner's Motion to Vacate, the Court concluded that it appeared to be untimely. Therefore, the Court issued a Hill notice ordering Petitioner to set forth why his Motion to Vacate was timely.

In his response to the Hill notice, Petitioner appears to argue that his Motion to Vacate should be considered timely filed because he was confused about the difference between a motion to vacate and a direct appeal. Specifically, Petitioner states that "I put in for a Notice of Appeal. I thought this was the same as a motion to vacate (2255). (the appeal my lawyer said I had a year to file)." In sum, Petitioner states that he did not understand the difference between a direct appeal and a motion to vacate. He concludes that "I know very little about the law."

"[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). Consequently, equitable tolling is avail-

able only in "those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Id.  Equitable tolling is appropriate when, but only when, "extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit." Id.

Petitioner's contention that he was unaware of the difference between a direct appeal and a collateral attack on a sentence is not a sufficient reason to establish that AEDPA's limitation period should be tolled.  See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004)(ignorance of law by a pro se prisoner is not a basis for equitable tolling); United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002)("[A] petitioner's own ignorance or mistake does not warrant equitable tolling . . . ."); see also Rouse v. Lee, 339 F.3d 238, 246-47(4th Cir. 2003)(counsel miscalculation regarding limitation period did not warrant equitable tolling).  Consequently, for the reasons set forth in the Court's January 22 2009, Order, this Court holds that Petitioner's Motion to Vacate is untimely.

**NOW, THEREFORE, IT IS HEREBY ORDERED that** Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is **DISMISSED.**

Signed: February 12, 2009

Richard L. Voorhees
United States District Judge